488 So.2d 443 (1986)
Jansey RIGGS, et al., Plaintiff-Appellant,
v.
STATE of Louisiana, et al., Defendants-Appellees.
No. 85-648.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*444 David Groner, New Iberia, for plaintiff-appellant.
Gibbens & Blackwell, Dennis R. Stevens, New Iberia, for defendant-appellee.
Before STOKER, KING and COX,[*] JJ.
STOKER, Judge.
Jansey and Linda Riggs appeal the dismissal of their suit for damages sustained when the Riggs' car, driven by Mrs. Riggs, was struck by a state police vehicle.
The accident occurred near New Iberia on a straight two-lane stretch of Louisiana Highway 182. Mrs. Riggs, accompanied by her one-year-old son and her niece, slowed her vehicle and prepared to make a left-hand turn from the highway into the driveway of the C'est La Place apartment complex where she lived. At the same time, State Policeman Sidney Hebert was proceeding in the same direction on Highway 182, in answer to an emergency call. He was straddling the center line, and other vehicles on the road had moved onto the right-hand shoulder to clear the way for him. Mrs. Riggs saw the flashing lights of Hebert's police unit in her rearview mirror, but thought she had enough time to make the left turn before his vehicle overtook her. She was wrong; the police vehicle hit the Riggs' car, propelling it into a ditch. The car turned over, and Mrs. Riggs and the two children suffered various injuries.
Jansey and Linda Riggs sued the Department of Public Safety, Sidney Hebert and Travelers Insurance Company, the insurer of the police vehicle, for property damage and personal injuries to Mrs. Riggs and their son. The mother of the niece also sued, but a directed verdict was granted as no evidence was adduced in support of her claim. No appeal has been taken from that judgment, and the issue is not before us. Sidney Hebert was voluntarily dismissed from the suit.
The trial judge made the following findings of fact, with which we find no error: (1) Hebert was traveling approximately 65 miles per hour; (2) his red flashing lights were in operation, but his siren was not; and (3) Mrs. Riggs had activated her left turn signal. He held that she had a duty under LSA-R.S. 32:125 to pull to the right-hand side and yield the road to the police unit. The judge found that Hebert had conformed to the provisions of LSA-R.S. 32:24, exempting emergency vehicles from certain traffic regulations, and that he was not negligent. But for Mrs. Riggs' negligence, the trial judge concluded, the accident would not have occurred.
Much of the plaintiffs' argument involves an interpretation of the facts. As with many vehicular collisions, the evidence was highly contradictory. We find certain factors preponderate in support of the trial judge's conclusion. First, the trial court noted that when Mrs. Riggs looked into the rearview mirror and saw Hebert's car, she must have been parallel to the highway. At that point she had not begun her turn. She was unjustified in believing that she *445 could complete a left-hand turn before the approaching vehicle overtook her. Mrs. Riggs was aware of her duty under LSA-R.S. 32:125 to pull over to the right when she spotted the emergency vehicle. Second, we note that Mrs. Riggs' primary concern appears to have been avoiding inconvenience to herself. She stated as her two options once she was aware of Hebert's approach: (1) to complete her turn, or (2) to stop, back up and pull off to the right. The latter choice was presumably designed to place her directly across from the driveway to facilitate a left turn after the police unit passed. However, LSA-R.S. 32:125 requires that vehicles yield the right of way immediately, without thought to their own destinations. Mrs. Riggs should have pulled to the right when she saw Hebert's vehicle, even though she would have ended up past her driveway.
The Riggs allege Hebert violated his duty to drive with due regard for the safety of others. We believe that Mrs. Riggs' fault was the sole cause of the accident. We also agree with the trial judge's conclusion that Hebert's actions conformed to the requirements of LSA-R.S. 32:24, which permitted him to exceed the speed limit. His speed was not so excessive as to endanger life or property. The court correctly concluded that Hebert was not negligent.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the suit of Jansey and Linda Riggs and taxing all court costs to the plaintiffs. Costs of this appeal are also assessed against Jansey and Linda Riggs.
AFFIRMED.
NOTES
[*] Ronald D. Cox, Fifteenth Judicial District Court, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.